**BORG–WARNER CORPORATION, Robert Bosch Corporation, Robert Bosch GmbH, and Hans L. Merkle, Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 1287, Docket 83–4207.**

United States Court of Appeals, Second Circuit.

Argued May 17, 1984.
Decided Oct. 3, 1984.

John B. Wyss, Washington, D.C. (James M. Johnstone, and Wiley, Johnson & Rein, Washington, D.C., Joseph A. McManus, Coudert Brothers, Werner L. Polak, Paul Brickfield, and Shearman & Sterling, New York City, of counsel), for petitioners.

Frederick E. Dooley, F.T.C., Washington, D.C. (John H. Carley, Gen. Counsel, Howard E. Shapiro, Deputy Gen. Counsel, and Ann Malester, F.T.C., Washington, D.C., of counsel), for respondent.

95 (2d Cir.1979); *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977).

Before CARDAMONE, PRATT and FRIEDMAN,* Circuit Judges.

FRIEDMAN, Circuit Judge.

I

This is a petition to review a cease and desist order of the Federal Trade Commission (Commission) issued in a proceeding in which the Commission held that interlocking directorates between various of the petitioner companies violated section 8 of the Clayton Act, 15 U.S.C. § 19 (1982), and section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (1982). We reverse on the ground that no order was warranted.

The case involves various types of automotive parts for the so-called aftermarket, i.e., parts used to replace the original parts in the automobile, for foreign cars. The three corporate petitioners make and sell those parts. The petitioner Borg-Warner Corporation (Borg-Warner) is an American corporation that manufacturers and sells those parts in the United States. The petitioner Robert Bosch GmbH (Bosch GmbH) is a German company that also manufactures those parts. It does not itself sell the parts in the United States, but sells them through its subsidiary, Robert Bosch Corporation (Bosch U.S.), an American corporation.

In 1977, in connection with Bosch GmbH's purchase of about 9.5 percent of Borg-Warner's stock, Borg-Warner elected to its board of directors Drs. Merkle and Bacher. They were then members of Bosch GmbH's board of management, which apparently was the German counterpart of an American board of directors, and directors of Bosch U.S.

The Commission's complaint, issued in 1978, charged that the interlocking directorates of Drs. Merkle and Bacher in the three petitioner corporations violated section 8 of the Clayton Act. That section provides that no person simultaneously shall be a director in any two or more corporations of a certain size that are engaged in commerce "if such corporations are or shall have been theretofore, by virtue of their business and location of operation, competitors, so that the elimination of competition by agreement between them would constitute a violation of any of the provisions of any of the antitrust laws." 15 U.S.C. § 19. The complaint also alleged that those interlocking directorates violated section 5 of the Federal Trade Commission Act, which prohibits unfair methods of competition and unfair or deceptive acts or practices in commerce.

Following a hearing before the administrative law judge but before the judge's decision, Drs. Merkle and Bacher ceased to be directors of Bosch U.S., but continued as directors of Bosch GmbH. In June 1980, the administrative law judge issued an initial decision holding that the petitioners had committed the violations charged and providing a cease and desist order.

In June 1981, Borg-Warner sold its automobile parts division to Echlin Manufacturing Corporation (Echlin). The following month the Commission issued an administrative complaint challenging Echlin's acquisition as a violation of section 7 of the Clayton Act, 15 U.S.C. § 18 (1982), Docket No. 9157.

After the oral argument of this case before the Commission, Dr. Bacher died. In a 3-to-2 decision in June 1983, the Commission upheld the determinations of violation by the administrative law judge and issued a cease and desist order that modified the judge's order. In holding that the petitioners and Dr. Bacher had violated section 8 of the Clayton Act and section 5 of the Federal Trade Commission Act, the Commission made the following rulings:

1. Borg-Warner was a competitor of Bosch U.S. in selling three categories of automotive products for foreign cars.

2. Bosch GmbH was a competitor of Borg-Warner in selling those products in the United States through its subsidiary, Bosch U.S., the activities of which it controlled.

* United States Court of Appeals for the Federal Circuit, sitting by designation.

3. There is no *de minimis* defense in a section 8 case based on the amount of commerce involved. In any event, the amount of commerce in the competing products in this case—annual sales by Borg-Warner of approximately $5,400,000 —was not *de minimis*.

4. The interlocking directorate also violated section 5 of the Federal Trade Commission Act "because a violation of section 8 is in itself a violation of section 5."

The Commission's final cease and desist order, as modified on reconsideration, among other provisions:

1. Prohibited Borg-Warner for ten years from having any director who simultaneously was (a) a director of any Bosch corporation that was a competitor in the production or sale of any product or service of Borg-Warner or (b) a director of any corporation that is a competitor of Borg-Warner in the production or sale of automotive parts for the aftermarket, as long as the revenues of either corporation from such market exceed $5 million.

2. Contained parallel prohibitions against interlocking directorships against Bosch GmbH and Bosch U.S.

3. Prohibited Dr. Merkle for ten years from serving as a director of both Borg-Warner and any Bosch corporation that is a competitor of Borg-Warner.

4. Required Borg-Warner, Bosch GmbH, and Bosch U.S., for ten years to obtain from each candidate for election as a director specified information relating to any other corporation in which the person already is or will be a director to which the prohibitions set forth in paragraphs 1 and 2 above apply.

## II

The petitioners challenge before this court the Commission's substantive legal rulings summarized above. We find it unnecessary to decide any of those questions, however, since we conclude that in any event the Commission's cease and desist order cannot stand.

■ In *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 303 (1953), the first case the Supreme Court decided under section 8, the Court announced the principle that to obtain injunctive relief against illegal conduct that had been discontinued, the moving party must show that "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.* at 633, 73 S.Ct. at 898. In Commission proceedings it is "the FTC staff's burden of showing that an injunction was warranted." *SCM Corp. v. Federal Trade Commission*, 565 F.2d 807, 813 (2d Cir.1977), *appeal after remand*, 612 F.2d 707 (2d Cir.), *cert. denied*, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 23 (1980); *TRW, Inc. v. Federal Trade Commission*, 647 F.2d 942, 954 (9th Cir.1981). Contrary to the Commission's conclusion, we do not think complaint counsel carried the burden of showing that there was a "cognizable danger of recurrent violation" in this case.

■ Approximately two years before the Commission decided the case and issued its order, Borg-Warner had sold its automotive parts business. More than three years before the Commission's decision, Drs. Merkle and Bacher had ceased to be directors of Bosch U.S. Thus, when the Commission decided the case, the violations of section 8 and section 5 that it found had long been terminated.

There is nothing in the record that suggests the likelihood or even the possibility that Borg-Warner will reenter the automotive parts business. The Commission's only answer to the fact that Borg-Warner had left that business was that the Commission has challenged Echlin's acquisition of that business as a violation of section 7 of the Clayton Act; and that in such proceeding the relief the Commission has requested is not only the sale by Echlin of the acquired assets but, alternatively, the rescission of the transaction which would put Borg-Warner back in the automotive parts business.

There is no way of knowing whether the Commission will hold that the acquisition violated section 7. Nor is there any reason to think that if the Commission finds a violation, it will be unable to cure the violation by directing Echlin to divest the assets it acquired from Borg-Warner. Divestiture is the normal remedy for a violation of section 7, and rescission of the transaction rarely is required.

The likelihood that the Commission's proceeding against Echlin will result in the return of Borg-Warner to the automotive parts business is too conjectural and speculative to justify an injunction against future interlocking directorates between Borg-Warner and other companies in competition with it. Indeed, this conjectural speculation is the very kind of "mere possibility" of recurrent violation that the Supreme Court stated in *Grant* was not sufficient to justify equitable relief against a terminated violation.

There are additional considerations that further undermine and vitiate the Commission's determination that there is a cognizable danger of recurrent violation.

The violations the Commission found were not flagrant or longstanding. The interlocking directorates were created in 1977 when Bosch GmbH, in connection with its acquisition of a substantial block of Borg-Warner stock, followed the common practice of placing representatives on the company's board of directors to monitor its investment.

The total amount of sales with respect to which the Commission found that Borg-Warner and Bosch U.S. were competitors was relatively small. Borg-Warner has an extensive program to insure compliance with section 8. This includes screening of all nominees to the board of directors and computerized screening of all existing directors to determine whether other companies of which they are directors are competitors of Borg-Warner. *Cf. TRW, supra,* 647 F.2d at 954.

The legality *vel non* of the interlocking directorates was a close and difficult question, as the Commission's 3-to-2 decision indicates. The answer turned on the decision of subtle and difficult factual and legal issues. These included the extent to which Borg-Warner and Bosch U.S. were competitors in different lines of automotive products (although the complaint charged such competition in eight lines, the Commission found competition in only three), and the degree to which Bosch GmbH controlled the activities of Bosch U.S., so that through such control Bosch GmbH was doing business in the United States and therefore was a competitor of Borg-Warner for purposes of section 8. Prior to the Commission's decision, the answer to these questions was uncertain.

In these circumstances, the petitioner corporations cannot be viewed as knowing or conscious violators, or firms that acted in violation or disregard of their known legal obligations. They have not shown a propensity toward violating section 8 or given any cause for valid concern that, unless restrained, they are likely to commit such violations in the future.

■ The Commission has considerable discretion not only to determine the form of relief but also to decide whether relief is necessary at all. *Jacob Siegel Co. v. Federal Trade Commission,* 327 U.S. 608, 611–13, 66 S.Ct. 758, 759–760, 90 L.Ed. 888 (1946). On the other hand, when the Commission exercises its discretion in favor of granting relief, it must have a more substantial basis for that decision than the speculative and conjectural concerns that led it to enter a cease and desist order in this case.

In so ruling, we decide only that on the particular facts here, the Commission has not shown a cognizable danger of recurrent violation. The appropriateness of injunctive relief necessarily varies from case to case, and relatively slight factual differences may justify different treatment. Nothing we say here should be construed as indicating or even suggesting that the Commission is precluded from granting relief in some other section 8 case that, al-

though superficially similar, nevertheless may have significant differences.

The modified final order of the Commission is reversed.